# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMIEL E. JAY | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-13-3178 |
| TYRONE CROWDER, et al. | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION

Pending in the above-captioned case is Respondents' Answer to Show Cause asserting the Petition for Writ of Habeas Corpus must be dismissed for failure to exhaust state remedies. ECF 4. Petitioner was granted 28 days in which to file a Reply and was forewarned the failure to do so may result in the denial of the relief sought. ECF 5. Petitioner has not filed anything further in this case.[1] No hearing is required for the disposition of this case. For the reasons set forth below, the Petition shall be dismissed and a Certificate of Appealability shall not issue.

At the time the instant Petition was filed, Petitioner was an inmate held in the custody of the Maryland Department of Public Safety and Correctional Services. He claimed the Maryland Parole Commission failed to provide him with a timely hearing to determine if probable cause existed to support the allegation he had violated the conditions of his mandatory supervision release.[2] Specifically, he alleged he was returned to custody on August 16, 2013, following the issuance of a parole retake warrant. He states he saw a "liaison agent" on August 26, 2013, pled

---

[1] The Clerk mailed a copy of this Court's Order granting Petitioner 28 days to file a Reply to the address he provided when he initiated this case. The mail was returned as undeliverable and Petitioner has not contacted the Court advising of a new address. ECF 6.

[2] Mandatory release is similar to release on parole with the same or similar conditions of release. Mandatory release occurs by virtue of the application of diminution of confinement credits to a Maryland inmate's term of confinement while parole is granted through the discretion of the Maryland Parole Commission. *See* Md. Code Ann., Corr. Serv. § 7-101(g).

guilty with an explanation to the alleged parole violations, and elected to have a revocation hearing within 7 to 10 days. Petitioner asserts he has been unlawfully detained for 66 days without benefit of a revocation hearing. As relief he seeks to be released to an "open charge" following an immediate revocation hearing. ECF 1.

The instant petition involves questions of State law only and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondents assert, and Petitioner fails to dispute, that Petitioner did not file a Petition for Writ of Habeas in state court alleging he was improperly held without benefit of a revocation hearing prior to seeking relief in this Court. ECF 4. The failure to exhaust state remedies

requires dismissal of the instant petition. A Certificate of Appealability shall not issue in this case as the dismissal is based on procedural grounds and Petitioner has failed to demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

A separate Order dismissing the Petition and denying a Certificate of Appealability follows.

MAY 15, 2014
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE